Anthony D. DUKE and Diane D. Duke, Plaintiffs,

v.

Donald T. HEPPLESTON and Joan M. Heppleston, his wife, Maroda Enterprises, Inc., a Florida corporation, and David Shriber, Defendants.

Civ. No. 65–715.

United States District Court
S. D. Florida.

Sept. 22, 1966.

Hartnett & Gillman, Miami, Fla., for Anthony D. Duke and Diane D. Duke.

Kelly, Paige, Black & Black, Miami, Fla., for Donald T. Heppleston and Joan M. Heppleston.

Michael J. Getelman, Miami, Fla., for Maroda Enterprises, Inc.

Coleman, Leonard & Morse, Fort Lauderdale, Fla., for David Shriber.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

MEHRTENS, District Judge.

### I—BACKGROUND

This is a suit for a declaratory judgment to determine the rights of the plaintiffs, Anthony D. Duke and Diane D. Duke (hereinafter referred to as "Dukes"), on a certain promissory note. The defendants, Donald T. Heppleston and Joan M. Heppleston (hereinafter referred to as "Hepplestons"), counterclaimed against Dukes and cross-claimed against Maroda Enterprises, Inc. (hereinafter referred to as "Maroda") for judgment on the note. David Shriber is also named as a defendant but no personal liability is sought against him. Jurisdiction is based on diversity of citizenship and amount in controversy.

Cross motions for summary judgment have been made. Dukes seek summary judgment on the complaint and against the counterclaim. Hepplestons seek summary judgment against the complaint and on the counterclaim and cross-claim. Maroda and Shriber have not sought summary judgment or opposed the motions of Dukes or Hepplestons.

The motions for summary judgment have been before the Court for over two months. During that period the Court has reserved ruling because of procedural defects in the motions, to give opposing parties an opportunity to

file counter-affidavits, and to respond to specific questions asked by the Court. During that period counsel for Dukes and Hepplestons prepared able memorandums of law, filed additional affidavits and exhibits, and presented on several occasions argument on the motions. At the most recent hearing counsel for Dukes, Hepplestons, and Maroda appeared. The Court asked each counsel individually whether there was a genuine issue of material fact which would prevent entry of a summary judgment and whether there was any additional material counsel wanted to submit to the Court. All counsel individually replied in the negative. Counsel were also given the opportunity to argue further, but all declined on the basis of their prior arguments and the papers on file. The Court took the case under advisement.

While the Court is aware that cross motions for summary judgment do not per se create the lack of a genuine issue of material fact, a reading of the entire file together with the statements of all counsel clearly shows that this case is a proper one for summary judgment.

## II—FACTS

The undisputed facts disclose that on September 18, 1963, Hepplestons drew a check on the Coral Ridge National Bank, Fort Lauderdale, Florida, in the amount of $50,000, payable to Maroda and Anthony Duke. Simultaneously with the delivery of the $50,000, Shriber, as president of Maroda, executed a note payable to Hepplestons, quarterly interest at 9% per annum, and guaranteed the note on behalf of Dukes pursuant to a power of attorney recorded in Official Record Book 2475, page 726, Broward County, Florida. On September 18, 1964, the loan was extended for another year and Shriber executed a renewal note on the same terms and again guaranteed the note on behalf of Dukes pursuant to the power of attorney. Anthony Duke owned 50% of the Maroda stock. There was ample consideration for the transactions, and the guaranteeing of the notes by Dukes was an integral part of those transactions.

Maroda carried the transaction on its books as a loan from Anthony Duke to Maroda pursuant to Anthony Duke's agreement with Maroda to loan Maroda $250,000 for the purchase of capital equipment. Maroda deducted on its income tax returns the interest due Anthony Duke but not the interest due Hepplestons. Dukes deducted on their joint income tax returns the interest due Hepplestons. $1,125 was deducted in 1963 and $3,375 was deducted in 1964. The last interest payment made to Hepplestons was on June 18, 1965.

The power of attorney executed by Dukes appointing Shriber was made pursuant to New York law and was dated October 15, 1960. The two notarizations were also dated the same date. The year 1960 was preprinted on the forms and the day and month were added on subsequently. The recording stamp of the Broward County Court shows October 15, *1962*. Dukes were traveling outside the country on October 15, 1960. The Dukes have never denied the authenticity of their signatures on the power, nor have they denied signing such a power.

## III—VALIDITY OF THE POWER

It is obvious from the facts in this case that October 15, 1960 is not the date the power was executed. More likely it was executed on October 15, 1962. In any event, it is prior to the guaranteeing of the note. This gives rise to the legal question of whether the validity of the power of attorney at issue in this case is dependent on the fact that the date the power was signed and notarized is not the correct date.

The general rule is that a fatally defective acknowledgment invalidates a power. 3 Am.Jur. Agency § 26. But an erroneous date does not make an acknowledgment defective. 1 C.J.S. Acknowledgments § 85. At worst there is a defect in form but not of substance. And the defective form appears to be only a typographical error.

It is therefore the decision of this Court that the power of attorney is valid.

## IV—AUTHORITY TO GUARANTY

The power was executed pursuant to New York General Business Law, Article 13, Sections 224–234, McKinney's Consol.Laws, c. 20. Since Florida would adopt *lex voluntades* in this situation, our next legal question is whether New York law contemplates that the type of power of attorney at issue in this case includes the guaranteeing of notes of a third party.

There appear to be no cases on point. The New York "short form" used in the power refers to "banking transactions." Section 225(8) construes that term to mean that the principal authorizes the agent:

> to make, to assign, to indorse, to discount, to guarantee, and to negotiate, for any and all purposes, all promissory notes, bills of exchange, checks, drafts, or other negotiable or non-negotiable paper of the principal, or payable to the principal or to his order, to receive the cash or other proceeds of any such transactions, to accept any bill of exchange or draft drawn by any person upon the principal, and to pay it when due.

In addition subsection (17) provides:

> in general, and in addition to all the specific acts in this section enumerated, to do any other act or acts, which the principal can do through an agent, in connection with any banking transaction which does or might in any way affect the financial or other interest of the principal.

The plain language of the New York law is that the agent may guarantee notes of his principal and in the manner in which it was done in this case. Dukes argue that according to New York law the agent can only guarantee notes his principal writes and that the law is limited to banking institutions. Both arguments are made out of context and are not logical: You do not guarantee your own note; and, the use of the term "banking institutions" in the "short form" has no literal significance.

Shriber had full authority under the power to guarantee a note on behalf of Dukes.

## V—RATIFICATION

Even if the Court were to take the postition that the power was invalid or that there was no authority for the agent to guarantee a note, Dukes would still be liable as guarantors because of their ratification of Shriber's acts. For two years the Dukes deducted on their tax returns the interest payments on the notes. In addition the note was re-executed during this period and there was still no disaffirmance by Dukes.

There is no question that Maroda is liable to Hepplestons as maker of the note and Dukes are liable to Hepplestons as guarantors of the note. Interest and reasonable attorney fees are also due to Hepplestons according to the terms of the note.

It is therefore ordered and adjudged that:

1. The summary judgment of Anthony D. Duke and Diane D. Duke is denied.

2. The summary judgment of Donald T. Heppleston and Joan M. Heppleston against Anthony D. Duke and Diane D. Duke and Maroda Enterprises, Inc. is granted.

3. Counsel for Hepplestons shall timely set for hearing the amount of interest and attorney fees due together with a summary final judgment in accordance with this order.